IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| **CHRISTOPHER G.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **Case No. 1:25-cv-00475** |
| | : | **Judge Matthew W. McFarland** |
| | : | **Magistrate Judge S. Courter M. Shimeall** |
| **COMMISSIONER OF** | : | |
| **SOCIAL SECURITY,** | : | |
| | : | |
| **Defendant.** | : | |

## REPORT AND RECOMMENDATION

Plaintiff, Christopher G., brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for Supplemental Security Income ("SSI"). This matter is before the United States Magistrate Judge for a Report and Recommendation on Plaintiff's Statement of Errors (ECF No. 7), the Commissioner's Memorandum in Opposition (ECF No. 9), Plaintiff's Reply (ECF No. 10), and the administrative record (ECF No. 6). For the reasons that follow, it is **RECOMMENDED** that the Court **OVERRULE** Plaintiff's Statement of Errors and **AFFIRM** the Commissioner's decision.

## I.      BACKGROUND

Plaintiff applied for SSI on August 17, 2022, with an amended alleged onset date of disability of August 17, 2022,[1] due to Post–Traumatic Stress Disorder, anxiety, panic attacks and depression.

---

[1] Regardless of the actual or alleged onset of disability, an SSI claimant is not entitled to SSI benefits prior to the date that [Plaintiff] files an SSI application. Thus, the relevant period of consideration in this case begins on August 17, 2022. *See* 20 C.F.R. § 416.335; *Koster v. Comm'r of Soc. Sec.*, 643 Fed. App'x 466, 478 (6th Cir. 2016) ("For purposes of SSI, which is not retroactive, the relevant period here is . . . the date [Plaintiff] filed his protective application.").

1

(ECF No. 6-5 at PAGEID #: 154–60, ECF No. 6-6 at PAGEID #: 190.)  Plaintiff's application was denied initially and on reconsideration.  Following a hearing, the ALJ issued an unfavorable decision on May 22, 2024.  (ECF No. 6-2, PAGEID #: 32–51.)  The Appeals Council denied Plaintiff's request for review, and this timely appeal followed.  (*Id.* at PAGEID #: 19–24; ECF No. 1.)

The ALJ determined that the Plaintiff has the severe impairments of depressive disorder, generalized anxiety disorder, and a panic disorder with agoraphobia.  (ECF No. 6-2, PAGEID #: 37.)  The ALJ further found that Plaintiff retains the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, with the following non-exertional limitations: can concentrate, persist, keep pace, and adapt to the demands for simple, routine tasks and with low workplace pressures (with low workplace pressures defined as having only occasional changes in the work setting); can tolerate occasional social interaction with coworkers and supervisors on an ongoing basis for a 40-hour workweek; cannot perform tandem tasks; and cannot interact with the general public.  (*Id.* at PAGEID #: 42.)

While Plaintiff had no past relevant work, the ALJ found, based on the testimony of the vocational expert ("VE"), that there are jobs in the national economy that Plaintiff can perform, such as a packer, cleaner and material handler.  (*Id.* at PAGEID ##: 46–47.)

II.   **ANALYSIS**

Plaintiff makes two primary arguments: (1) the ALJ erred when evaluating medical opinion evidence from Nurse Practitioner ("NP") Green; and (2) the ALJ gave conflicting information when evaluating the opinion evidence from the non-examining state agency psychologists.  (ECF No. 7, PAGEID ##: 1814–20.)  The Undersigned considers each argument in turn.

### A.     The ALJ's Evaluation of NP Green's Opinion

Plaintiff argues that the ALJ erred in finding NP Green's opinion unpersuasive.  (*Id.*)  The governing regulations provide that "[t]he factors of supportability[] and consistency[] are the most important factors we consider when we determine how persuasive we find a medical source's medical opinions . . . to be.  Therefore, we will explain how we considered the supportability and consistency factors for a medical source's medical opinions . . . in your determination or decision."  20 C.F.R. § 404.1520c(b)(2).

As an initial matter, Plaintiff claims the ALJ failed to separately address NP Green's conclusion that Plaintiff would be absent from work more than four times per month.  (ECF No. 7, PAGEID #: 1817.)  To the extent Plaintiff challenges the ALJ's assessment of NP Green's opinion on that basis, the ALJ was not required to separately address that specific conclusion.  *Robinson v. Comm'r of Soc. Sec.*, No. 22-1397, 2022 WL 17168444, at *2 (6th Cir. Nov. 22, 2022) ("Even for a medical opinion, there is no requirement to cite to every piece of evidence or conclusion . . . ." (citing 20 C.F.R. § 404.1520c(b)(1) ("We are not required to articulate how we considered each medical opinion or prior administrative medical finding from one medical source individually."))).  Even if true, this argument is therefore not grounds by itself for a finding of error.

Turning to Plaintiff's challenge to the ALJ's evaluation of the persuasiveness of NP Green's opinion, the ALJ found that NP Green's opinion was not persuasive because it was neither supported by NP Green's treatment records nor consistent with the overall record evidence.  (ECF No. 6-2, PAGEID ##: 45–46.)  Substantial evidence supports that determination.  As the ALJ noted, NP Green's assessment found that Plaintiff's impairments cause marked limitations in memory (ECF No.

6-12, PAGEID #: 1721), but NP Green's treatment notes document normal memory on multiple occasions (ECF No. 6-13, PAGEID ##: 1763, 1772, 1780, 1788), and other records document Plaintiff's normal memory (ECF No. 6-9, PAGEID #: 1022; ECF No. 6-10, PAGEID #: 1302, ECF No. 6-10, PAGEID #: 1542).  Further, while NP Green found Plaintiff had extreme limitations in areas of social interaction (ECF No. 6-12, PAGEID #: 1722), other treatment records from Plaintiff's sessions with his therapist, including some in-person sessions, document him as being friendly and happy (ECF No. 6-10, PAGEID ##: 1149, 1152, 1156, 1164, 1174, 1196, 1199, 1206, 1245).  And NP Green's finding that Plaintiff had marked limitation in sustaining concentration and persistence (ECF No. 6-12, PAGEID #: 1721) was contradicted by her own treatment records (ECF No. 6-13, PAGEID ##: 1763, 1772, 1780, 1788) and other treatment records (ECF No. 6-10, PAGEID ##: 1473, 1487, 1501, 1517) that document Plaintiff's concentration and attention as intact.

Plaintiff does not dispute that NP Green's treatment records and other records reflect that he has normal memory, intact concentration and attention, and a friendly/happy mood.  Rather, Plaintiff argues that some of the records the ALJ cited as inconsistent with NP Green's findings were dated before his alleged onset date of August 17, 2022.  Plaintiff concedes, however, that the ALJ also considered evidence *after* Plaintiff's alleged onset date. (ECF No. 7, PAGEID ##: 1815–19.)  Further, "[t]he Sixth Circuit does 'not endorse the position that all evidence or medical records predating the alleged date of the onset of disability . . . are necessarily irrelevant or automatically barred from consideration[.]'" *O'Malley v. Comm'r of Soc. Sec.*, 210 F. Supp. 3d 909, 915 (S.D. Ohio 2016) (quoting *DeBoard v. Comm'r of Soc. Sec.*, 211 Fed. App'x 411, 414 (6th Cir. 2006)).  Moreover, the ALJ is required to consider all medical evidence and opinions submitted by the claimant.  20 C.F.R.

4

§ 404.1520(a)(3) ("We will consider all evidence in your case record when we make a determination or decision whether you are disabled."). Thus, the ALJ did not err by considering evidence both before and after Plaintiff's alleged onset date.

Plaintiff also points to other evidence in the record that he contends supports or is consistent with NP Green's opinion, or that should lead to an inference that supports NP Green's opinion. (ECF No. 7, PAGEID ##: 1816–18.) Plaintiff contends that the ALJ's failure to acknowledge this evidence signifies an "impermissible selective review of the record." (*Id.*) But "[it] is well established that an ALJ is not required to 'discuss every piece of evidence in the record to substantiate [her] decision.'" *Peters v. Comm'r of Soc. Sec.*, No. 2:18-CV-197, 2019 WL 116963, at *3 (S.D. Ohio Jan. 7, 2019) (citing *Conner v. Comm'r of Soc. Sec.*, 658 F. App'x 248, 254 (6th Cir. 2016)), *report and recommendation adopted,* No. 2:18-CV-197, 2019 WL 430264 (S.D. Ohio Feb. 4, 2019). "Moreover, an allegation of 'cherry picking' is seldom successful because crediting it would require a court to re-weigh record evidence." *Id.* (citing *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 726 (6th Cir. 2014)) (cleaned up).

Here, although the ALJ did not address every piece of evidence in the record, her discussion of NP Green's opinion cites to multiple examples of evidence that contradict NP Green's opinion, including examples from NP Green's own treatment records. Although Plaintiff may be correct that substantial evidence would have also supported a different evaluation of the persuasiveness of NP Green's opinion, the Court "does not weigh evidence, assess credibility, or resolve conflicts in testimony—that's the ALJ's job." *Dyson v. Comm'r of Soc. Sec.*, 786 F. App'x 586, 588 (6th Cir. 2019). To that end, "if substantial evidence supports the ALJ's decision, this Court defers to that

5

finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Here, substantial evidence supports the ALJ's decision. That ends the inquiry.

Finally, Plaintiff argues that the ALJ mischaracterized evidence regarding his ability to interact with others and perform certain activities that the ALJ then relied upon when finding NP Green's opinion unpersuasive. (ECF No. 7, PAGEID #: 1818.) The Undersigned is not convinced that all of the "mischaracterizations" Plaintiff points to are properly labeled as such. For example, the ALJ determined that Plaintiff had a moderate limitation in concentrating, persisting, or maintaining pace; Plaintiff notes that the ALJ said Plaintiff could "use email" but cites to reports where Plaintiff "merely lists his email address but does not state how often he uses email." (*Id.*) The Undersigned finds that the ALJ did not commit reversible error by inferring that Plaintiff could use email based on Plaintiff's possession of an email address. Plaintiff also contends the ALJ mischaracterized evidence when she stated that Plaintiff was capable of "running errands, performing personal care, preparing meals, and performing household chores" as well as "driving, and handling his own finances." (*Id.*) There is at least some evidence to support part of this statement: The ALJ cites to a Function Report Plaintiff completed where he reported that he performs the household chores of "laundry, cleaning, mowing, [and] household repairs," that he drives, that he can count change and handle a savings account, and that he has no problem with personal care. (ECF No. 6-6, PAGEID ##: 215–223.)

Plaintiff correctly notes, however, that Plaintiff does not indicate that he runs errands or prepares meals in the reports the ALJ cites to for that finding.  And, in determining that the Plaintiff had a moderate limitation in interacting with others, the ALJ said Plaintiff had no problem with authority figures but cited to a report where Plaintiff indicated that he did not get along very well with authority figures.  (*Compare* ECF No. 6-2, PAGEID #: 40, *with* ECF No. 6-6, PAGEID #: 221.)

The Court acknowledges that Plaintiff identified inaccuracies in the ALJ's recitation of the record evidence.  The question here is whether those inaccuracies matter for the purposes of remand.  On that point, the Sixth Circuit has found that the harmless error standard is proper for credibility determinations in the social security context.  *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012).  "[E]ven if an ALJ's adverse credibility determination is based partially on invalid reasons, harmless error analysis applies to the determination, and the ALJ's decision will be upheld as long as substantial evidence remains to support it."  *Johnson v. Comm'r of Soc. Sec.*, 535 F. App'x 498, 507 (6th Cir. 2013) (citing *Ulman*, 693 F.3d at 714).

Applied here, the Undersigned finds the inaccuracies Plaintiff identified (such as they are) harmless because the ALJ's determination as to Plaintiff's ability to interact with others and concentrate, persist, and maintain pace were based on the totality of the record, and the ALJ accurately cited to other evidence in the record, including evidence reflecting that Plaintiff lived with his mother and girlfriend, and that examinations indicated he was pleasant, calm, cooperative, friendly, happy, and demonstrated appropriate behavior.  (ECF No. 6-2, PAGEID ##: 40–41.)  Likewise, the ALJ found that NP Green's opinion was inconsistent with the overall record.  In making this determination, the ALJ did not cite or otherwise indicate that she was specifically relying on any of

7

the inaccuracies Plaintiff identified.  Rather, as discussed above, the ALJ accurately cited specific examples of records that the ALJ found to be inconsistent with NP Green's opinion.  "As long as the ALJ cited substantial, legitimate evidence to support h[er] factual conclusions, we are not to second-guess."  *Ulman*, 693 F.3d at 714.  As explained, that is the case here, as there is substantial evidence to support the ALJ's conclusions.  Under these circumstances, any ALJ errors here are not so serious as to require remand.

In short, the ALJ adequately considered NP Green's opinion by comparing that opinion to other record evidence.  The ALJ's discussion of that comparison built a logical bridge between the record evidence and her conclusions about the persuasiveness of NP Green's opinions.  Accordingly, Plaintiff has not demonstrated reversible error on this point.

**B.      The ALJ's Evaluation of the State Agency Psychologist's Opinions[2]**

Plaintiff next argues that the ALJ made conflicting statements about the two state agency psychologists' assessments, finding them "persuasive" when discussing the mental Listings but then finding them only "partially persuasive" when assessing the RFC.  (ECF No. 7, PAGEID #: 1819.)  But the statements are not conflicting; the ALJ was addressing different aspects of the state agency psychologists' assessments when evaluating the Listings versus the RFC.  (ECF No. 6-2, PAGEID ##: 41–42, 45.)  Further, the ALJ explained that she found the state agency psychologists' assessments only partially persuasive as to the RFC because "[a]lthough these opinions are supported by specific evidentiary examples and appear to be consistent with the evidence upon which they were based,

---

[2] The Plaintiff's Statement of Errors includes his argument challenging the ALJ's evaluation of the state agency psychologists' opinions under the heading for his argument challenging the ALJ's evaluation of NP Green's opinion.  It is not clear to the Court how Plaintiff's arguments regarding the ALJ's evaluation of the state agency psychologists' opinions support his challenge regarding the persuasiveness of NP Green's opinion.  Thus, the Court separately addresses Plaintiff's arguments as to the state agency psychologists.

evidence developed at the hearing level supports similar but slightly different limitations." (*Id.* at PAGEID #: 45.)

Plaintiff also complains that the ALJ did not "articulate how the state agency [psychologists'] opinions are supported by the evidence of record." (ECF No. 7, PAGEID #: 1819.) This argument is unavailing because the ALJ accurately explained that the state agency psychologists' opinions were supported by "specific evidentiary examples." (ECF No. 6-2, PAGEID ##: 41–42, 45.) Indeed, the psychologists described the record evidence supporting their opinions both as to the Listings and Plaintiff's RFC. (*See* ECF No. 6-3, PAGEID ##: 83, 91.) In sum, the ALJ built a logical bridge between the record evidence and her conclusions about the persuasiveness of the state agency psychologists' opinions.

Accordingly, Plaintiff has not demonstrated reversible error on this point.

## III.     CONCLUSION

In sum, from a review of the record as a whole, the Undersigned concludes that substantial evidence supports the ALJ's decision denying benefits. Based on the foregoing, it is therefore, **RECOMMENDED** that Plaintiff's Statement of Errors be **OVERRULED,** and that the Commissioner's decision be **AFFIRMED.**

## IV.     PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response

to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

IT IS SO ORDERED.

*/s/ S. Courter M. Shimeall*
**S. COURTER M. SHIMEALL**
**UNITED STATES MAGISTRATE JUDGE**